Najah Astifo KHEIRO; Sonia Younis Shaia; Nevin Astifo Kheiro; Lana Astifo Kheiro; Andy Astifo Kheiro; Mario Astifo Kheiro, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74542.

Agency Nos. A79–158–432, A79–158–433, A79–158–434, A79–158–435, A79–158–436, A79–158–437.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Feb. 10, 2006.

Douglas D. Nelson, San Diego, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, M. Jocelyn Lopez Wright, Larry P. Cote, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Alberto R. Gonzales, Attorney General, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, pro se.

Before HUG, SILER,* and WARDLAW, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

**304**

MEMORANDUM**

Najah Kheiro, a Chaldean Christian from Iraq, filed a petition for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") decision denying asylum to Kheiro and his family. Where the BIA affirms the IJ's reasoning, we review the IJ's opinion rather than the BIA's. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 680 (9th Cir.2003). We grant the petition and remand for further proceedings.

The IJ concluded that Kheiro was ineligible for asylum based on an adverse credibility finding. We review an IJ's adverse credibility findings under a "substantial evidence" standard, *see Ding v. Ashcroft,* 387 F.3d 1131, 1136 (9th Cir.2004), carefully reviewing the record to determine "whether the reasoning employed by the IJ is fatally flawed," *id.* at 1137 (quoting *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002)). The IJ made three factual findings that led to his determination of "adverse credibility," none of which is supported by substantial evidence.

■ The IJ found it "a significant fact" that Kheiro failed to mention in his asylum application an aborted attempt to leave Iraq in 1997, because assuming his travel was being monitored by the Baath party, a failed escape attempt would contribute to Kheiro's fear of persecution. This was based on inappropriate conjecture and speculation about the watchfulness of the Baath party and its knowledge of Kheiro's daily activity. *See Gui,* 280 F.3d at 1227. Nor did the IJ afford Kheiro a chance to respond or explain, a factor which denied petitioner a full and fair hearing of his claim. *See Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004).

■ Next, the IJ pointed to the discrepancy between Kheiro's description of the location of his military service and the description offered by his father. This inconsistency is an improper basis for an adverse credibility finding because it did not go "to the heart" of Kheiro's claim that he was repeatedly persecuted for his Christian faith and his opposition to the Baath party. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). Moreover, because the inconsistency in their testimony was fairly minor, and the IJ did not give Kheiro an opportunity to clarify or explain the apparent contradiction in their testimony, any discrepancy here cannot serve as the basis for an adverse credibility finding. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004). The IJ's "demeanor" findings regarding the father's testimony do not warrant deference because they were not explicitly described nor based on factors that could not be ascertained from the record. *See Jibril v. Gonzales,* 423 F.3d 1129, 1137 (9th Cir.2005); *Arulampalam,* 353 F.3d at 686.

■ Third, and most importantly, the IJ did not believe that Kheiro was in Iraq during the most recent period he claimed to be persecuted. Because this finding would go to the heart of Kheiro's claim, we must independently evaluate each ground cited by the IJ to support it. *See Guo,* 361 F.3d at 1199. The IJ's statement that it was "seemingly beyond belief" that a father and son separately attempting to escape Iraq at the same time could lose touch was the sort of "[s]peculation and conjecture" we have repeatedly rejected. *See, e.g., Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004); *Singh v. INS,* 292 F.3d 1017, 1024 (9th Cir.2002). The IJ also failed to address testimony about the con-

** *This disposition is not appropriate for publication and may not be cited to or by the* courts of this circuit, except as provided by Ninth Circuit Rule 36–3.

ditions of Kheiro's father's escape that gave credence to the explanation. *Kaur,* 379 F.3d at 887. The IJ's failure to give weight to the family's baptism certificates, which placed them in Iraq in 2000, was particularly capricious. The factors cited by the IJ to dismiss these documents were either irrelevant, speculative or simply untrue. Where there is no evidence in the record to indicate documents are anything but what they purport to be, the IJ's "subjective view" that they are false may not be the basis for an adverse credibility finding. *See Dao Lu Lin v. Gonzales,* 434 F.3d 1158, 1163 (9th Cir.2006). The IJ also discredited testimony by Kheiro's cousin that placed Kheiro in Iraq during the relevant period, noting both that the cousin did not take sufficient interest in Kheiro's aborted escape attempt (a fact not in the record) and that the cousin was not credible because he did not himself fear returning to Iraq (a conclusion premised on speculation that the Iraqi government knew of his support for Kheiro). This ground was baseless.

 The only evidence credited by the IJ with regard to Kheiro's whereabouts were two documents from his father's asylum application indicating the father's belief that Kheiro was living in Turkey in 1998. Kheiro and his multiple family members, testifying under oath, provided a reasonable explanation for the mistake. The IJ discounted their explanation because it was self-serving, a justification we have repeatedly rejected, *see Bhasin v. Gonzales,* 423 F.3d 977, 986–87 & n. 5 (9th Cir.2005), and because it was "beyond belief." The IJ's failure to meaningfully address the petitioner's explanation for a discrepancy prohibits the IJ from using that discrepancy as the foundation for an adverse credibility finding. *See Kaur,* 379 F.3d at 887. Therefore, the IJ's adverse credibility finding

was not based on substantial evidence, and Kheiro's testimony establishing past persecution must be accepted as true. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

The IJ made a secondary decision that, even if Kheiro were statutorily eligible for asylum, the government should deny relief as a discretionary matter because of Kheiro's "not completely candid" testimony about his Gulf War service and his circumvention of orderly refugee procedures. We review for an abuse of discretion. 8 U.S.C. § 1252(b)(4)(D); *Lopez–Galarza v. INS,* 99 F.3d 954, 960 (9th Cir.1996).

The Government, in deciding whether to discretionarily grant asylum, is required to apply a "totality of the circumstances" test, with particular emphasis on the likelihood of future persecution. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1138 (9th Cir. 2004); *Kazlauskas v. INS,* 46 F.3d 902, 906 (9th Cir.1995); *see also Matter of Pula,* 19 I. & N. Dec. 467, 474 (BIA 1987) ("[T]he danger of persecution should generally outweigh all but the most egregious of adverse factors."), *superseded in part by regulation, see Mamouzian,* 390 F.3d at 1138. "If an IJ fails to consider factors that are relevant to the asylum application, it abuses its discretion." *Kazlauskas,* 46 F.3d at 907.

 The IJ incorrectly applied *Matter of Pula* and abused its discretion. Even though the IJ found, in the context of its decision to grant deferral of removal under the Convention Against Torture, that Kheiro "would face a clear probability of torture" if returned to Iraq, the IJ did not consider the risk of future persecution at all in the context of discretionary relief, as the law requires. Furthermore, there was no evidence on the record that orderly refugee procedures were available in the countries where the Kheiros briefly stopped on their way to America; indeed,

Kheiro testified under oath that he attempted to obtain assistance at the U.S. embassy in Guatemala and was rebuffed. Moreover, the facts that Kheiro utilized a smuggler, left his country with fake documents, and came to the U.S. border are not egregious adverse factors, especially given that he did not attempt to enter this country surreptitiously. *See Mamouzian,* 390 F.3d at 1138; *cf. Kaur,* 379 F.3d at 889 (noting that use of a smuggler and false passport are consistent with a claim of persecution). The IJ's denial of discretionary relief was an abuse of discretion.

■■■■ Because Kheiro demonstrated past persecution on the basis of his religion and his political opinions, he was entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); *Mamouzian,* 390 F.3d at 1135. The Government can rebut such a presumption if it demonstrates by a preponderance of the evidence that, as a result of changed circumstances, the petitioner no longer has a well-founded fear of future persecution in his home country. 8 C.F.R. § 208.13(b)(1)(i)(A); *Mamouzian,* 390 F.3d at 1135. In this case, however, the Government failed to present evidence before the IJ or the BIA of changed circumstances in Iraq. Therefore, we do not remand under *INS v. Ventura,* 537 U.S. 12, 13–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), to allow the Government to raise new arguments four years after Kheiro's original asylum hearing. *See Nuru v. Gonzales,* 404 F.3d 1207, 1228 (9th Cir. 2005); *Baballah v. Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir.2004).[1]

■■■■ Kheiro established a well-founded fear of persecution and is statutorily eligible for asylum. Because the IJ, citing *Al-Harbi v. INS,* 242 F.3d 882 (9th Cir.2001),

found that Kheiro faced a clear probability of torture if forced to return to Iraq, we construe this as a determination that he met the standard for withholding of removal. 8 U.S.C. § 1231(b)(3). We therefore remand with instructions that Kheiro be granted withholding of removal and that the Attorney General exercise his discretion as to whether Kheiro should be granted asylum, taking into account all relevant factors, including the fear of persecution. *See Al-Harbi,* 242 F.3d at 894.

The petition for review is GRANTED.

---

1. Though we need not reach the point, the IJ's factual finding that Kheiro faced a "clear probability of torture" if forced to return to

Iraq supports the conclusion that he demonstrated a well-founded fear of future persecution, independent of his past persecution.